OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4922

www.ca3.uscourts.gov

November 12, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA 17108

**RE: Docket No. 01-4170**
**Trimble vs. Fleetwood Homes PA**
**D. C. CIV. No. 01-cv-00228**

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case, together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

We release herewith the certified list in lieu of the record.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Lynn M. Lopez
Case Manager

Enclosure

cc:
    Andrew J. Ostrowski, Esq.
    Andrew L. Levy, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4170

HEATHER TRIMBLE,

Appellant

v.

FLEETWOOD HOMES OF PENNSYLVANIA, INC.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-00228)
Magistrate Judge: J. Andrew Smyser

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2002

Before: SCIRICA, ALITO, and MCKEE, Circuit Judges.

JUDGMENT

This cause came to be heard on the record from the United States District

Court for the Middle District of Pennsylvania and was submitted under Third Circuit LAR 34.1(a) on September 19, 2000.

After careful review and consideration of all contentions raised by the appellant, it is hereby ORDERED and ADJUDGED that the judgment of the Magistrate Judge entered on November 8, 2001, be and is hereby AFFIRMED. All in accordance with the opinion of this Court.

Costs taxed against the appellant.

ATTEST:

*Kathleen Brunner*

Acting Clerk

DATED: October 18, 2002

Costs taxed in favor of Appellee as follows:
TOTAL ............................................ $183.40

**Certified as a true copy and issued in lieu
of a formal mandate on 11/12/02.**

**Teste:**

**Acting Clerk, U.S. Court of Appeals for the Third Circuit.**

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 01-4170

---

HEATHER TRIMBLE

Appellant

v.

FLEETWOOD HOMES OF PENNSYLVANIA, INC.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cv-00228)
Magistrate Judge: J. Andrew Smyser

---

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2000

Before: SCIRICA, ALITO, and MCKEE, <u>Circuit Judges</u>.

(Opinion Filed: October 18, 2002)

---

OPINION OF THE COURT

---

FILED
HARRISBURG, P.

NOV 18 2002

MARY E. D'ANDREA, C[lerk]
Per _____
      Deputy Clerk

PER CURIAM:

This appeal challenges a Magistrate Judge's Order granting summary judgment for the defendant in a case alleging constructive discharge and a sexually hostile work environment in violation of both Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.[1] After a thorough analysis of the summary judgment record, the Magistrate Judge concluded that, based on the undisputed facts, a reasonable jury could not decide in the plaintiff's favor on either the sexually hostile work environment or constructive discharge claim. Our review of the Magistrate Judge's grant of summary judgment is plenary. See Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996).

This Circuit has stated that a court may find that a hostile work environment existed where the plaintiff shows: (1) the employee suffered intentional discrimination because of sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) there is a basis for respondeat superior liability. See Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999). Based on the appropriate summary judgment standard, the Magistrate Judge determined that a jury could not find that the alleged discriminatory conditions of employment (1)

---

[1] This Court has jurisdiction over the Magistrate Judge's order granting summary judgment and dismissing all claims under 28 U.S.C. §636(c)(3) and 28 U.S.C. §1291.

were pervasive and regular and (2) would detrimentally affect a reasonable person of the same sex in that position. See Id. As these are essential elements of the plaintiff's prima facie case, the Magistrate Judge granted summary judgment for the defendant. Although the plaintiff contests this holding on appeal, we agree with the Magistrate Judge's conclusion and therefore affirm the Order of the Magistrate Judge for essentially the reasons given in the Magistrate Judge's Memorandum.

The Magistrate Judge likewise awarded summary judgment for the defendant on the plaintiff's constructive discharge claim. In order to establish a constructive discharge claim, a plaintiff must produce evidence sufficient to show that discriminatory conditions of employment were so intolerable that a reasonable person subject to them would have felt compelled to resign. Konstantopoulos v. Westvaco, Corp., 112 F.3d 710, 718 (3d Cir. 1997). The Memorandum of the Magistrate Judge stated that in this instance there is not a reasonable inference to be drawn that the conditions of employment were of such a pervasive and severe character as to result in a constructive discharge of the plaintiff. We agree with this analysis and therefore affirm this aspect of the Magistrate Judge's Order for essentially the reasons set out in the Magistrate Judge's Memorandum.

Accordingly, we will affirm the Order of the Magistrate Judge substantially for the reasons set forth in the Magistrate Judge's Memorandum without further elaboration.