```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
                                  :
HEATHER TRIMBLE                   :
                                  :
          Plaintiff               :  CIVIL ACTION NO. 1:CV-01-228
                                  :  (Magistrate Judge Smyser)
     v.                           :
                                  :
FLEETWOOD HOMES OF PENNSYLVANIA   :
                                  :
          Defendant               :
```

## CLERK'S TAXATION OF COSTS
March 4, 2003

Pending for taxation is the defendant's unopposed bill of costs in the amount of $2,813.23. Counsel has filed the verification required by 28 U.S.C. § 1924.

When a bill of costs is properly verified, Local Rule 54.4(10) provides that "the burden is on the opposing party to establish that a claim is incorrectly stated, unnecessary or unreasonable." In all cases, however, it is incumbent on the prevailing party to first "establish to the court's satisfaction that the particular costs for which reimbursement is claimed are authorized by statute." Green Construction Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D.Kan. 1994).

There are six, narrow categories of taxable costs specified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Fees and disbursements for witnesses taxed under § 1920(e) are controlled by 28 U.S.C. § 1821.

With two exceptions, the items listed in the bills of costs are taxable.  The bill of costs contains $102.90 for charges related to subpoena service by a private process server.  Reimbursement for such expenditures is foreclosed by the Supreme Court's decision in <u>Crawford Fitting Company v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987), which holds that federal courts have no power "to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections".  <u>Id</u>. at 445; <u>see</u> <u>United States v. Merritt Meridian Construction Co.</u>, 95 F.3d 153, 172 (2d Cir. 1996); <u>Crues v. KFC Corp.</u>, 768 F.2d 230, 234 (8th Cir. 1985).  Under § 1920(1), the court is permitted to tax as costs the "[f]ees of the clerk and marshal", but fees of private process servers are not encompassed anywhere in § 1920.  <u>See</u> <u>West Virginia University</u>

Hospitals, Inc. v. Casey, 499 U.S. 83 (1991) (where the language of a fee-shifting statute is unambiguous, the statute should be enforced according to its terms); In re Philadelphia Mortgage Trust v. Touche Ross & Co., 930 F.2d 306, 307 (3d Cir. 1991) (courts "may include as costs only those items specifically enumerated" in § 1920); Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83, 86 (3d Cir. 1988) (courts are not empowered to tax litigation costs that are not specified in § 1920); Eash v. Riggins Trucking, Inc., 757 F.2d 557, 560 (3d Cir. 1985) (cost shifting statute should not be read more expansively than its plain meaning).  Therefore, costs claimed for private subpoena service will not be taxed against the plaintiff.

Among the itemized copying charges listed are 585 pages at 20 cents per page for copying a motion for summary judgment, statement of material facts, summary judgment brief and reply brief.  Local Rule 54.4(5) permits taxation of costs for exhibits attached to documents such as summary judgment motions which are required to be filed and served.  However, copy costs incident to filing the motions themselves and other routine case papers are not taxable.  Id.  Accordingly, copying charges claimed will be reduced by $117.00.  As the remaining items in the bill of costs are taxable under § 1920 and the Local Rules,

**IT HEREBY IS ORDERED THAT** costs be taxed against the plaintiff and in favor of the defendant in the amount of $2,593.33.

Federal Rule of Civil Procedure Rule 54(d)(1) and LR 54.3 provide that any party may appeal this decision to the court within five days after notice of taxation.  Written specifications of the items objected to and the grounds of objections must be filed and served within five days.  LR 54.3.

                                                s/Mary E. D'Andrea
                                                MARY E. D'ANDREA, Clerk

cc:  All parties/counsel